## PennDOT v. Fischer

*Charles McCardell, deputy attorney general,* for the commonwealth.

*Gomer T. Williams,* for defendant.

BORTNER, J., September 13, 1989 — Petitioner appealed to this court from the order of the Department of Transportation which suspended his driv-

er's license. A hearing was held by this court on June 20, 1989. We hereby make the following

## FINDINGS OF FACT

(1) Petitioner, Richard J. Fischer, was driving in the vicinity of Ben Lane and Bristol Road, Warminster Township, Bucks County on the evening of December 23, 1988.

(2) Petitioner pulled off the road near the intersection due to a flat tire.

(3) Individuals at the scene, believing petitioner was intoxicated, took his car keys to prevent him from driving.

(4) Officer William Overberger, the officer dispatched to the scene, observed a strong odor of alcohol, bloodshot eyes and slurred speech upon approaching petitioner.

(5) After Officer Overberger obtained petitioner's license and registration, he asked petitioner to exit the vehicle.

(6) Petitioner refused to exit his vehicle, despite repeated requests from Officer Overberger to do so.

(7) Subsequently, Officer Overberger told petitioner he suspected him of driving under the influence and again asked him to exit his car so petitioner could perform field sobriety tests.

(8) After another refusal to exit, Officer Overberger forcibly removed petitioner from the vehicle and placed him under arrest for driving under the influence of alcohol.

(9) At that time, petitioner was handcuffed, placed in the police car, and advised of his *Miranda* rights.

(10) Officer Overberger then advised petitioner of the implied consent law and asked him to submit to a blood test at Warminster General Hospital.

(11) Petitioner responded that he was confused as to what to do and asked to speak with his lawyer.

(12) Petitioner felt he had a right to counsel in this situation because he had been advised as such by the arresting officer.

## DISCUSSION

In license suspension cases it is the commonwealth's burden to establish that the driver involved was specifically warned that a refusal would result in the revocation of his driver's license. *Commonwealth, Department of Transportation v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). "Once the commonwealth meets its burden, it is the driver's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the test." The above determination is to be made by the trial court. *O'Connell, supra.*

We find petitioner was not capable of making a knowing and conscious refusal to take the blood test. It is undisputed that Officer Overberger specifically warned petitioner that his license would be revoked for his refusal to submit to the test. However, petitioner testified that he refused because he was misled into believing by the officer's giving of *Miranda* warnings that he was entitled to confer with an attorney prior to taking the test.

Our Supreme Court recently held in *Commonwealth, Department of Transportation v. O'Connell, supra,* that a driver's testimony, that he became confused when asked to take a breathalyzer test because moments before he had been given his *Miranda* warnings, was sufficient to support the trial court's determination that defendant's refusal was not knowing due to his confusion. The *O'Connell* court concluded that since it is the officer's conduct that creates the confusion, it is his burden to advise the arrestee that *Mi-*

*randa* rights are inapplicable to the breathalyzer test. Pursuant to the *O'Connell* decision, we find petitioner's refusal to take the blood test was not knowing due to his confusion concerning the *Miranda* warnings.

## ORDER

And now, September 13, 1989, after hearing, petitioner's appeal is sustained. The order of the Department of Transportation denying petitioner's license is hereby reversed, effective June 20, 1989.